UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 2:24-CR-00118-02

CARRIE ROY

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Carrie Roy, submits this memorandum outlining the various 18 U.S.C. § 3553(a) factors for the Court's consideration at her upcoming February 9, 2026, sentencing hearing. Ms. Roy requests the Court to impose a guideline sentence of 120 months (without a fine) for the reasons set forth herein.

A.  **Convictions and statutory maximum penalties:**

On September 29, 2025, Carrie Roy was convicted by a jury of Aiding and Abetting the Sex Trafficking of a Minor, in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(2), (c), and 2, which carries statutory maximum penalties of at least 10 years of imprisonment, at least 5 years of supervised release, a $250,000 fine, a $100 special assessment, and a $5,000 additional special assessment (Class A Felony).

She was also convicted of Conspiracy to Traffick a Minor for Commercial Sex, in violation of 18 U.S.C. §§ 1591(a), (c), and 1594(c), which carries statutory

maximum penalties of imprisonment for any term of years or for life, at least 5 years of supervised release, a $250,000 fine, a $100 special assessment, and a $5,000 additional special assessment

**B.     Pending substantive objections:**

The government objects to Ms. Roy not receiving a 2-level obstruction of Roy enhancement.    See Addendum to PSR.    The government further objects to Ms. Roy receiving a 3-level role reduction rather than a 2-level role reduction.

Ms. Roy objects to (1) not receiving a 2-level reduction for acceptance of responsibility; (2) receiving a 2-level enhancement for knowingly misrepresenting the minor's identity or unduly influencing a minor, PSR ¶ 62; and (3) to receiving a 2-level enhancement for using a computer to persuade the minor to engage in prohibited sexual conduct, PSR ¶ 63.

The aforementioned objections a fully raised in the PSR's addendum.

**C.     18 U.S.C. §3553(a) Factors:**

**The nature and circumstances of the offense
and the history and characteristics of the defendant.**

Ms. Roy acknowledged during her PSR interview that she committed the acts that she now stands convicted.

During the trial the government offered Ms. Roy a plea agreement to the

conspiracy count in the indictment. She verbally accepted the plea offer through counsel and was prepared to enter the plea. However, due to her fear of her co-defendant she would not enter the plea due to the presence of his family members in the courtroom. Her counsel spoke with the co-defendant's family members and requested that they provide her the courtesy of leaving the courtroom while she entered her plea of guilty. They invoked their right to be present and refused to leave the courtroom. Consequently, due to her fear of her co-defendant and his family members she did not enter a plea of guilty, which would have drastically lowered her sentencing exposure.

Her advisory guideline would have essentially remained the same except with the application of acceptance of responsibility. However, she would not have been exposed to a (10) year mandatory minimum sentence.

Ms. Roy has been exposed to long-term extreme domestic violence and abuse at the hands of both her husband and co-defendant. She reports that she was essentially sold to her co-defendant by her husband when she was approximately (29) years old. See PSR ¶¶ 140-153.

Ms. Roy has a history of prostitution and drug addiction.

Ms. Roy's role in the offense was minimal.

Ms. Roy has no criminal history points.

**The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

Based on the circumstances surrounding the offense and Ms. Roy, a sentence of 120 months will reflect the seriousness of his offense, promote respect for the law, and provide just punishment. It is important to note that Ms. Roy will be subject to significant collateral consequences from her conviction. She will be required to pay a mandatory special assessment of $5,000.00. She will be required to register as a sexual offender the rest of his natural life. She will lose substantial rights including the right to vote, participate on a jury, and possess a firearm. She will be subject to supervised release for five years to life with special restrictive terms and condition, which she has reviewed and understands.

**The need for the sentence to afford adequate deterrence to criminal conduct.**

A sentencing of 120 months is within her advisory guideline range. Such a sentence is significant and provides adequate deterrence to criminal conduct.

**The need for the sentence to protect the public from further crimes of the defendant.**

Upon her release from custody, Ms. Roy will be on supervised release from (5) five years to life with restrictive terms and conditions. In addition, she will be registered sexual offender for likely the rest of her natural life.

**The need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Ms. Roy is amenable to substance abuse treatment at the BOP. In addition, she suffered long-term domestic violence and abuse at the hands of her husband and co-defendant. A psychological/psychiatric evaluation would be appropriate to assist her in obtaining appropriate psychotherapy/counseling to deal with the residual trauma and harm she has suffered on a long-term basis (25 years).

**The kinds of sentences available.**

<u>See</u> PSR.

**The kinds of sentence and sentencing range established for the applicable category of offense committed by the applicable category of defendant as set for in the guidelines issued by the sentencing commission that are in effect on the date the defendant is sentenced.**

According to the PSR, Ms. Roy's advisory guideline range is 120 to 135 months along with supervised release of (5) years to life and sex offender registration requirements. Her advisory fine range is $30,000 to $300,000.

Ms. Roy asserts that if her objections are sustained and the government's objection is denied then her advisory guideline range should be 120 months, rather than 120 months to 135 months.

**Any pertinent policy statements**

None.

**The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

According to (JSIN) data similarly situated defendants were sentenced to an average of (120) months.  See PSR at ¶¶ 212-214.

**The need to provide restitution to any victims of the offense.**

Not applicable.

In conclusion, Ms. Roy respectfully submits that the sentencing factors under 18 U.S.C. § 3553(a) warrant a sentence of (120) months.

Respectfully submitted this 2nd day of February, 2026.

> **CARRIE ROY,**
>
> **By counsel**:
>
> /s/ Tim C. Carrico
> **Tim C. Carrico (WVSB #6771)**
> **CARRICO LAW OFFICES, LC**
> **1554 Kanawha Blvd, East, Ste 100**
> **Charleston, West Virginia 25301**
> **Phone: (304) 347-3800**
> **Fax: (304) 347-3688**
>
> /s/ Natalie R. Atkinson
> **Natalie R. Atkinson (WVSB #12030)**
> **ATKINSON & FRAMPTON, PLLC**

**2306 Kanawha Boulevard East**
**Charleston, WV 25311**
**(304) 346-5100**

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                               **CRIMINAL ACTION NO. 2:24-CR-00118-02**

**CARRIE ROY**

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and accurate copy of the foregoing **"Defendant's Sentencing Memorandum"** was served this the 2nd day of February, via E-filing to the following:

Jennifer Herrald, AUSA,
United States Attorney's Office
300 Virginia Street East, Room 4000
Charleston, WV   25301
***jennifer.herrald@usdoj.gov***

__s/Tim C. Carrico_____
                Tim C. Carrico, Esq.