IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:24-cr-00118-1

TIWAN ROBERT BAILEY
    Also known as "Quick"

## SENTENCING MEMORANDUM OF THE UNITED STATES

Based on the facts set forth in the Presentence Investigation Report ("PSR") and as more fully discussed below, the United States requests that this Court sentence defendant Tiwan Robert Bailey to life in prison on Counts 1, 2, 3, 4 and 6, to run concurrent to each other, and to 10 years in prison on Count 5, to run consecutive, resulting in a total sentence of life plus 10 years.

A. Introduction

Tiwan Bailey is a violent pimp and drug dealer who trafficked at least four women and endeavored to obstruct justice to cover up his crimes. Bailey identified young, vulnerable women and forced them to have sex with strange men in order to make money for himself. One victim was a minor, and the other three were adults he trafficked through campaigns of threats, degradation, and physical and sexual violence. Sex trafficking is one of the most egregious federal crimes, and Bailey's conduct warrants the highest sentence authorized by statute – life in prison. And to send a message that obstruction of justice can never be tolerated, an additional ten-year consecutive sentence for that offense should be imposed.

**B. Objection to the Guideline Calculation in the PSR**

Defendant made no specific objections to the Guideline calculations or facts set forth in the PSR. The United States has one remaining objection to the Guideline calculation.

1. *Government Objection – Application of USSG § 3A1.1(b)(1)*

The United States submits that the vulnerable victim enhancement under § 3A1.1(b)(1) should apply in this case. The PSR agreed that each of the four victims were indeed vulnerable victims exploited by defendant but did not include the enhancement, relying upon Application Note 2 of § 3A1.1 to decline to apply it. The commentary indicates that the enhancement should not be applied "if the factor that makes the person a vulnerable victim is incorporated in the offense guideline."

However, that comment addresses situations where the specific vulnerability – such as age – is clearly covered by the Guideline (such as by there being an age-related enhancement that has already been applied if age is the only vulnerability). In this case, the vulnerabilities of the four victims are not covered by the offense Guideline, and the two-level enhancement under § 3A1.1(b)(1) should be applied.

First, the offenses related to the minor victim fall under § 2G1.3. While that Guideline contains an undue influence enhancement that is specifically tied to the victim's age, her age is merely one of her vulnerabilities (and one that defendant may not have even known at the time; the undue influence enhancement has a rebuttable presumption based upon the age gap, not upon his knowledge of her age). The minor victim was also homeless and using drugs, and these vulnerabilities were actually known and exploited by defendant in order to commit the offense. The undue influence Guideline simply does not take into account defendant's knowing and intentional choice to target a girl who was desperate for a place to live and basic life necessities.

There is no improper overlap between a presumptive enhancement based upon a fact (the victim's age) that was seemingly unknown to defendant and an enhancement that relates to different vulnerabilities and requires that a defendant know (or should have known) about those characteristics. As those known vulnerabilities were not incorporated into any of the offense Guideline provisions under § 2G1.3, the vulnerable victim enhancement should be applied for counts related to the minor victim.

The assessment for the other three victims is more straightforward. Each of them was clearly a vulnerable victim: they suffered from homelessness and severe drug addictions that defendant intentionally exploited. The offense of conviction for each of those victims is calculated under § 2G1.1 and carries a base offense level of 34 with no applicable specific offense characteristics. However, the PSR did not apply the vulnerable victim enhancement, stating that "the defendant already received a two-level enhancement under U.S.S.G. § 2G1.1(b)(1) for using drugs to coerce the victims in this case to engage in commercial sex." This, however, is not true – that enhancement only applies to defendants who have a base offense level of 14 pursuant to § 2G1.1(a)(1). As there have been no specific offense characteristics applied for Victims 2, 3, or 4 at all, much less ones tied to their particular vulnerabilities, the vulnerable victim enhancement should be applied.

### C. Sentencing Factors

In considering the 18 U.S.C. § 3553(a) sentencing factors, the United States asks that the Court consider the following:

**(1)    The nature and circumstances of the offense.**

As demonstrated over the course of the trial, defendant's conduct was egregious. He beat and raped his victims. He used financial coercion, such as by taking all the money from their

checking accounts, to make them dependent upon him. He kept them vulnerable by feeding and growing their drug addictions and then withholding those drugs if they dared to defy or displease him. He took their phones and provided new phones that he tracked using Life360 so they felt they had no way to escape. He left them voice memos in which he degraded them and threatened them. He terrorized them and then forced them to post sex ads online and engage in compelled commercial sex, with all the money going straight to him. His conduct toward his victims was so heinous that the testimony of his extensive drug-dealing activities was simply background information. And when he finally realized that his control was slipping and Minor Victim 1 had spoken to law enforcement, he paid her, directly and indirectly, thousands of dollars to convince her not to "snitch" on him. Defendant's offense is among the worst federal crimes that have been seen in this district.

The advisory Guideline sentence of life accurately reflects the egregiousness of defendant's conduct.

**(2)    The history and characteristics of the defendant.**

Defendant was previously convicted of a drug trafficking felony in this district in 1997 and received a sentence of 151 months in prison; he was released in May 2008. As part of the 1997 offense, he fled from police to evade arrest, leading them on a high-speed chase with his toddler in the car. Nearly 30 years later, defendant again fled to evade arrest, this time leading law enforcement to search for him for six months before tracking him down in Kentucky. In between his 1997 conviction and this offense, defendant was arrested on five different domestic battery charges, all of which were eventually dismissed; that pattern is consistent with the violence he exhibited toward the victims in this case and the pressure he placed upon Minor Victim 1 to not "snitch." Even as a child, defendant displayed violence and sexual aggression, at one point

threatening female staff at a group home with rape. Defendant's history makes clear that, to him, women are merely "bitches" who exist solely to satisfy his needs, and when they do not comply with his demands he responds with violence.

Defendant's reputation for violence was clearly on display at trial, even before the jury was sworn. During voir dire a potential juror (outside the presence of any other jurors) was visibly shaking from fear and near tears at the idea of serving on the jury because of what the juror knew of defendant's reputation. The victims in this case overcame significant concerns about their own personal safety to come forward and testify, and another young woman actively evaded being served with a subpoena and had to be arrested as a material witness because she was afraid to testify against defendant.

If not stopped through a lifetime term of incarceration, the question is not *whether* defendant will engage in violence toward women, it is *when*.

### (3)     Need for sentence imposed to reflect seriousness of the offense, respect for the law, just punishment, adequate deterrence, and to protect the public.

The serious nature of the offense and the need for just punishment for defendant's conduct, as described above, warrants a sentence of life for the sex trafficking convictions. Additionally, to promote respect for the law and provide adequate deterrence, an additional consecutive sentence of 10 years is appropriate for the obstruction offense. Obstruction of justice is an act displaying pure disdain for the law. If attempting to obstruct justice is not punished independent from the underlying offense, a lack of deterrence is not the only result: when a criminal does not receive additional punishment for obstructing justice, there is a perverse incentive created to attempt to tamper with witnesses because there is no risk of a worse outcome and there is a chance of getting away with a crime. The fact that the sex trafficking offenses warrant a Guideline sentence of life does not change the need for this additional consecutive sentence.

Moreover, the obstruction is not meaningfully accounted for in defendant's advisory Guideline range. While he did receive a two-level enhancement for obstruction under USSG § 3C1.1 regarding Minor Victim 1, defendant's Guideline calculation would have resulted in an adjusted offense level of 43 even without that enhancement. Accordingly, his obstruction enhancement had no impact whatsoever on his advisory guideline range. The only way to ensure he is held accountable for that conduct is through a consecutive sentence for the obstruction count.

Most importantly, as set forth above regarding his history and characteristics, this Court has the ability to decide when defendant will next engage in criminal activity, including the violent abuse of women. The only way to protect society from defendant is to incarcerate him for the remainder of his natural life.

### D. Conclusion

There is nothing about defendant or his conduct that warrants a downward variance from the advisory Guideline range of life in prison; instead, nearly every factor this Court should consider under § 3553(a) points to the importance of the significant sentence recommended by the Guidelines. The United States therefore respectfully requests that defendant be sentenced to life in prison on each of the sex trafficking counts, to run concurrent to each other, and 10 years in prison on the obstruction count, to run consecutive. Defendant should also be sentenced to a lifetime term of supervised release.

Respectfully submitted,

MOORE CAPITO
United States Attorney

/s/Jennifer Rada Herrald
JENNIFER RADA HERRALD
Assistant United States Attorney
WV Bar No. 12181
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: jennifer.herrald@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 2nd day of February, 2026, to:

George J. Cosenza, Esq.
GEORGE J. COSENZA, PLLC
1130 Market Street – Post Office Box 4
Parkersburg, WV 26102
Telephone: 304-485-0990

/s/Jennifer Rada Herrald
JENNIFER RADA HERRALD
Assistant United States Attorney
WV Bar No. 12181
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: jennifer.herrald@usdoj.gov