IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:24-cr-00118-2

CARRIE ROY
    Also known as "Carrie Ash"

### SENTENCING MEMORANDUM OF THE UNITED STATES

Based on the facts set forth in the Presentence Investigation Report ("PSR") and as more fully discussed below, the United States requests that this Court sentence defendant Carrie Roy to a sentence between 151 and 188 months in prison, which is within the advisory Guideline range consistent with a correctly calculated offense level of 34.

**A. Objections to the Guideline Calculation in the PSR**

Several objections to the Guideline calculation in the PSR remain and are addressed separately herein.

1. *Government Objection – Application of USSG § 3B1.2*

The United States submits that defendant should receive only a two-level reduction under USSG § 3B1.2 as a "minor" participant in the offense. While there is no question that her codefendant, Tiwan Bailey, was the leader and more egregious offender, defendant played a key role in his criminal organization. Defendant ran the day-to-day needs of Bailey's sex trafficking activity by providing food, clothing, and sometimes drugs to his victims on his behalf. She transported his victims to and from hotels and "out call" dates, all while knowing exactly what the victims were doing on those "dates." She collected the money on Bailey's behalf from this

commercial sexual activity. In return for her work for Bailey, defendant had a place to live and all her basic needs met. And, while Bailey was a fugitive, defendant provided further assistance by supplying money to the minor victim to influence her testimony. Bailey may have reaped the financial rewards of the sex trafficking, but it was defendant who kept his operation running smoothly.

The United States does not object to a reduction under § 3B1.2, but this reduction should be only two levels. A defendant bears the burden of proving by a preponderance that she is entitled to a mitigating role reduction. *United States v. Powell*, 680 F.3d 350, 358-59 (4th Cir. 2012). Given the integral role she played in so many aspects of the sex trafficking – transportation, supplies (from food to drugs), money management, and buying the victim's silence after the fact – defendant qualifies for no more than a two-level reduction for playing a minor role compared to Bailey.

This is particularly true with respect to Minor Victim 1. While Bailey played a more significant role with the crimes involving the adult victims because he the one responsible for the violence, threats, and coercion that lead to the trafficking of those women, Bailey and defendant were essentially equal when it came to "having had a reasonable opportunity to observe" the minor victim. They both lived with her and observed her in person. When looking only to Minor Victim 1, defendant and Bailey have a far less stark divide in their roles. Bailey located the victim and invited her to their shared home, and he reaped the profits. But defendant was involved in the transportation and maintaining of the victim, and she knew exactly what the victim was doing to earn the money that defendant picked up from her at the hotel. Defendant cannot demonstrate that she is entitled to any more than a two-level reduction for a minor role with regard to Minor Victim

1 because she also completed all the necessary acts to traffic the victim: she had a reasonable opportunity to observe her and knew she was going to be caused to engage in commercial sex acts.

The PSR should be amended to give defendant only a two-level reduction under USSG § 3B1.2.

2. *Government Objection – Application of USSG § 3C1.1*

The United States submits that the enhancement for obstruction of justice should be applied to defendant. Simply because she was not charged with the substantive obstruction offense does not mean that there is not sufficient evidence to prove by a preponderance that she was involved in the attempts to influence the potential testimony of Minor Victim 1 and obstruct the fair administration of justice. Defendant helped Bailey to funnel money to Minor Victim 1 after they discovered that she had been subpoenaed to testify before a federal grand jury as part of the investigation against him.

The PSR, in rejecting the government's request for the enhancement, conflates the payments made to the victims, through both Bailey and defendant, in the form of money, food, or phones, *while Bailey was trafficking them* with the money and items he provided to Minor Victim 1 *after she was talking to law enforcement about him.* These two types of payments are significantly different, and it is only the latter form that is relevant to obstruction. At the time that Bailey, David White, and defendant were all sending money to Minor Victim 1, they knew she was a potential federal victim and witness against Bailey, and the money was directly connected to her willingness to not "snitch." Whether defendant was paying off Minor Victim 1 at the direction of the fugitive Bailey or doing it on her own to protect Bailey, *she* was engaging in conduct that constituted "unlawfully influencing a . . . witness . . . directly or indirectly, or attempting to do so." USSG § 3C1.1, cmt. 4(A). Bailey's direct payments to the victim stopped

once he became a fugitive, for such online transactions would have been too easy to trace to his location. However, just like how defendant was facilitating third-party calls for Bailey while he was on the run, she was moving money on his behalf in order to allow him to leave no digital trail. This is obstruction, and the enhancement should be applied.

Additionally, as part of the information that defendant provided to probation for preparation of the PSR, she stated that she was "sold" to Bailey by her husband in 2002 in exchange for drugs. However, Bailey was in federal prison from 1997 until his release on May 23, 2008. Given that this portion of the PSR was designed to provide mitigation as to why she was willing to serve as Bailey's right-hand in running his sex trafficking operation, this constitutes defendant "providing materially false information to a probation officer in respect to a presentence or other investigation for the court" and also justifies the application of the obstruction enhancement.

3. *Defendant Objection – Application of USSG § 3E1.1*

Despite the fact that she has 1) never admitted any part of her role in the offenses of conviction, 2) actively disputed the government's evidence at trial, and 3) continues to attack the credibility of the very victims she helped create, defendant objects to the PSR withholding a reduction for acceptance of responsibility. Acceptance of responsibility, first and foremost, requires a defendant to truthfully admit the offense conduct and not falsely deny relevant conduct. Under the commentary, the reduction "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilty and expresses remorse." USSG § 3E1.1, cmt. 2. This makes sense – acceptance is not meant to apply to those who only "accept responsibility" once they realize they cannot get away with their crimes and should try to help themselves at sentencing. But defendant has not even done this much; she has never admitted guilt or expressed a shred of

remorse for her role in any of the crimes of Bailey and the hand she played in harming all four victims in the case.

It is true that rare circumstances do permit the application of the reduction when a defendant proceeds to trial to preserve a non-factual objection or challenge whether the uncontested facts satisfy the law. Had defendant proceeded to trial, allowed the government's evidence to be presented uncontested, and simply argued that those facts failed to satisfy the elements of the offense, she might have been entitled to the reduction. If she only went to trial because she was too scared to plead guilty, she could readily have taken that path. But that is not what happened. She vigorously attacked the credibility of the victims and challenged the factual case on multiple fronts. Defendant does not fall into the rare case where acceptance can be awarded despite going to trial, and her objection to the PSR should be overruled.

4. *Defendant Objection – Application of USSG § 2G1.3(b)(2)*

Defendant's objection to the application of the undue influence enhancement should be overruled. Turning first to the text of the enhancement, it applies if "*a participant* otherwise unduly influenced a minor to engage in prohibited sexual conduct." Under the commentary, there is a rebuttable presumption of undue influence if *a participant* is at least 10 years older than the minor. Defendant cannot rebut this presumption, particularly regarding Bailey, who was clearly a participant in the offense. Despite defendant's insistence on blaming the minor as a completely voluntary and willing victim, there is no question that Bailey caused her to engage in commercial sex acts *and give him all of the money*. That is not the sign of someone who was not unduly influenced by Bailey; that is the sign of a girl who felt that she had no choice but to gratefully accept whatever scraps she could get because she otherwise had nothing. And the rebuttable presumption is intended to still hold individuals accountable for taking advantage of minors,

especially vulnerable homeless runaway foster kids, who may be easily influenced into making terrible decisions in exchange for having a place to stay, food to eat, and drugs to use. Bailey unquestionably found a vulnerable girl and used his position to unduly influence her to have sex with strangers in order to make him money, and defendant was his knowing assistant in the entire endeavor. The undue influence enhancement is properly applied.

    5. *Defendant Objection – Application of USSG § 2G1.3(b)(3)*

Defendant's objection to the computer enhancement must also be overruled. The offense unquestionably involved the use of a computer to "entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor" because the victim was repeatedly advertised online for commercial sex. The use of the computer to advertise was reasonably foreseeable to defendant even if she did not direct the placement of the ads herself. She had been involved in the trafficking of Haley prior to the trafficking of the minor victim, and she lived in the same small trailer with all the participants in this online sex trafficking scheme. She was well aware that the victims were not walking the streets to locate victims; the "dates" were reaching out to the girls to meet up for out calls or coming to meet them at the hotels, and defendant transported the victims to where they needed to be. The use of computers to facilitate this modern-day sex trafficking ring was foreseeable to her, and the enhancement is properly applied.

In addition, one of the key enticements for the minor victim that caused her to engage in commercial sex for Bailey was, as she described in a text to recruit another victim, that she was being supplied with food, clothes, drugs, and other items she wanted so long as she had sex for money and gave him all the proceeds. Part of the way she was getting those items, the "carrots" that persuaded her to do as Bailey directed, was that defendant was sending her money on CashApp. Per Government's Trial Exhibit 30, Carrie sent the minor victim $333 via CashApp

between December 17 and 22, 2023. Whether this was paid to the victim before or after she engaged in commercial sex for Bailey is irrelevant, because the purpose of the payment is the same either way: it was the reward that enticed the minor victim to engage in commercial sex. As it was defendant who used a computer to provide this enticement to the victim during the offense of conviction, the enhancement is properly applied.

### B. Sentencing Factors

In considering the 18 U.S.C. § 3553(a) sentencing factors, the United States asks that the Court consider the following arguments in addition to above-described facts and circumstances, when fashioning defendant's sentence. The United States submits that all of these facts call for a sentence within the advisory Guideline range.

**(1)    The nature and circumstances of the offense.**

The offense conduct in this case is horrific. Defendant assisted Bailey in the sex trafficking of multiple victims, including the minor victim of the offenses of conviction. The victims were young, vulnerable, and desperate, and Bailey, with defendant's help, took advantage of them in the most dehumanizing manner possible – he forced them to have sex with strangers in order to line his pockets with cash.

Defendant was generally not the one beating and threatening the victims, but she was present for all of it. Once she even brought Bailey a pistol to threaten one of the victims. And she fully participated in the crime against the minor victim, a homeless, runaway foster kid who died, alone and pregnant, less than a year after she was first trafficked. That defendant could sit back and aid in these crimes over such a long period of time is shocking and disturbing.

### (2) The history and characteristics of the defendant.

It is hard to reliably assess the history and characteristics of defendant given the clearly false account of her history with Bailey that she provided to the probation officer in an apparent bid for sympathy. What we know for sure is that she lived with these victims, knew what Bailey did to them, knew what Bailey caused them to do, and yet the only thing she did with this knowledge was choose to help Bailey in his endeavors. The callousness of the descriptions of Haley in her motions and PSR objections show an utter lack of empathy and illustrate the contempt she felt for these women. She was willing to turn a blind eye to Bailey's violence in exchange for a place to stay and food to eat.

Her loyalty and dedication to Bailey continued even after he had fled the jurisdiction to avoid the charges in this case. She facilitated his communications, including with one of the victims. She also continued to make payments to the minor victim to keep her from providing truthful evidence against Bailey in the federal case.

Despite arguing that she deserves a reduction for acceptance of responsibility, defendant has shown no remorse for her role in the egregious crimes committed at the trailer she shared with Bailey and the devastating, lifelong harm she helped to inflict upon the vulnerable women who fell into Bailey's hands.

### (3) Need for sentence imposed to reflect seriousness of the offense, respect for the law, just punishment, adequate deterrence, and to protect the public.

The serious nature of the offense and the need for just punishment for defendant's role in the untold harm caused by the crimes in this case warrants a sentence within the advisory Guideline range. A significant sentence is also necessary to serve as a deterrent for others who might believe that they are not personally causing harm or victimizing a child by knowingly and willingly serving as the main assistant to a violent pimp. The Guideline range, particularly with a reduction for the

minor role enhancement, appropriately reflects defendant's conduct and role in the very serious offense of the sex trafficking of a minor.

### C. Conclusion

For the foregoing reasons, the United States requests that defendant receive a sentence within the advisory Guideline range.

        Respectfully submitted,

        MOORE CAPITO
        United States Attorney

        /s/Jennifer Rada Herrald
        JENNIFER RADA HERRALD
        Assistant United States Attorney
        WV Bar No. 12181
        300 Virginia Street, East
        Room 4000
        Charleston, WV 25301
        Telephone:  304-345-2200
        Fax:  304-347-5104
        Email: jennifer.herrald@usdoj.gov

CERTIFICATE OF SERVICE

    It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 2nd day of February, 2026, to:

Tim Carrico, Esq.
CARRICO LAW OFFICES LC
105 Capitol Street, Suite 300
Charleston, WV 25301
Telephone: 304-347-3800
Fax: 304-347-3688

Natalie R. Atkinson
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Boulevard East
Charleston, WV 25311
(304) 346-5100

    /s/Jennifer Rada Herrald
JENNIFER RADA HERRALD
Assistant United States Attorney
WV Bar No. 12181
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: jennifer.herrald@usdoj.gov